IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>VICTOR LOPEZ MENDEZ<br>MARIA DEL C. PORTELA ROMAN<br><br>    Debtor | :<br>:    CASE NO. 05-06196 (ESL)<br>:<br>:<br>:    CHAPTER 7<br>:<br>: |

OPINION AND ORDER

This case is before the court upon Special Counsel Eldia M. Diaz-Olmo's ("Attorney Diaz") *Application for Compensation* (Docket No. 232) in the amount of $22,328.27 for the legal services she rendered to the Chapter 7 Trustee to recover from Attorney Jorge R. De Jesus Diaz ("Attorney De Jesus") certain monies of the bankruptcy estate he had turned over to the Debtors.  Also before the court is Attorney De Jesus' *Objection* thereto (Docket No. 234) and Attorney Diaz's *Motion To Strike Objection to Application for Compensation ... for Lack of Sanding* ("*Motion to Strike*", Docket No. 236), to which Attorney De Jesus opposed (Docket Nos. 238 & 239).  For the reasons stated below, the court partially grants Attorney Diaz's *Motion to Strike* to declare that Attorney De Jesus has no standing to oppose her *Application for Compensation* but schedules a hearing to consider the merits thereof.

Procedural Background

The court incorporates herein the procedural background set in the *Opinion & Order* issued on August 9th, 2012 (Docket No.  247 ) and proceeds to add the relevant events related to the instant contested matter.

On March 2, 2011, Wilfredo Segarra Miranda, the Chapter 7 Trustee, filed an *Application for Leave to Employ [Attorney Diaz as] Special Counsel Pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure* (the "*Application for Employment*", Docket No. 135) "to recover monies of the estate" from Attorney De Jesus.  He informed that her attorney fees would be 33% of all monies and properties recovered plus costs and expenses incurred.  Her employment was authorized on May 3, 2011 "with compensation to be paid in such amounts as may be allowed by the court upon proper application or applications thereof", although the court noted that the *Application* did not include the statements required in LBR 2014(a)(6) and (7) (Docket No. 141).  Consequently, on May 23, 2011,

Attorney Diaz field a *Motion Submitting Amended Certificate of Proposed Special Counsel for Trustee* to comply with LBR 2014 (Docket No. 148).

On June 9, 2011, the Chapter 7 Trustee and Attorney De Jesus reached a *Settlement Agreement* (Docket No. 150-2), which was filed with a *Motion Requesting Approval of Compromise with Attorney Jorge R. De Jesus Diaz* (Docket No. 150). The *Motion* was filed by Attorney Diaz. In essence, Attorney De Jesus acknowledged that he "failed to notify the [Chapter 7] Trustee about the payment of the [*Judgment Check*] and of the withdrawal of the funds" (Docket No. 150-2, p. 2). To avoid the expenses of litigating the controversy, the Chapter 7 Trustee and Attorney De Jesus agreed that the latter would pay the bankruptcy estate in 60 days the amount of $67,287.69 –two thirds of the net proceeds to the bankruptcy estate from the *Judgment Check*– in exchange for mutual releases between them (Docket No. 150-2, p. 3, ¶ 1(a)). After such payment, Attorney De Jesus was to file an application for compensation to request the amount of $33,141.69 for his attorney's fees in the *Complaint* filed before the PR Court of First Instance. The Chapter 7 Trustee agreed not to oppose it, though he advised Attorney De Jesus that the court could deny or modify it at its discretion (Docket No. 150-2, p. 3, ¶ 1(b)). Attorney De Jesus was also advised that the *Settlement Agreement* with the Chapter 7 Trustee "in no way, prevents the office of the US Trustee from doing so" (Docket No. 150-2, p. 4, ¶ 1(c)). On June 17, 2011, the court approved the *Settlement Agreement* (Docket No. 154).

On March 9, 2012, this court held a settlement conference regarding Attorney De Jesus' *Application for Compensation* and the US Trustee's *Motion for Summary Judgment* opposing it. The Chapter 7 Trustee appeared by himself, without Attorney Diaz, where he argued his position regarding the *Settlement Agreement*. See Docket Nos. 226 & 227.

On April 10, 2012, Attorney Diaz filed her *Application for Compensation* (Docket No. 232) arguing that during the course of this case, she performed various services that were necessary for the administration and completion of this case and beneficial to the estate. She claims that although pursuant to the terms of the contingency agreement with the Chapter 7 Trustee she would technically be entitled to file an application for payment for the amount of $33,141.69 (in light of the fact that the Chapter 7 Trustee is entitled to recover $100,429.39 and her contingency fee is 33% of the total

amount recovered), she agreed with the Chapter 7 Trustee to reduce her *Application for Compensation* to 33% of $67,287.69, for a total of $22,204.93. To her *Application for Compensation*, Attorney Diaz attached as Exhibit B an Invoice of her hourly work in the instant case from January 19, 2011 through April 10, 2012, which total 21.90 hours, and the expenses she incurred in parking, photocopies and postage, which total $123.34 (Docket No. 232-2, pp. 1-7).

On April 24, 2012, Attorney De Jesus filed an *Objection to [Attorney Diaz]'s Fee Application* (Docket No. 234) alleging that the retention of Attorney Diaz in this case was unnecessary because it did not require discovery pleadings, adversary proceedings or extensive litigation and it was promptly settled. He also contends that most of her work, as detailed in the Invoice attached to her *Application for Compensation,* is minimal and duplicative because Attorney Monsita Lecaroz Arribas, counsel for the US Trustee, carried the brunt of the proceedings before and during the case. He further avers that Attorney Diaz did not proffer any written contingency agreement to the court, which is a requirement under the Puerto Rico Code of Professional Ethics, and that her fees are unreasonable under Section 328 of the Bankruptcy Code and its case law considering that for only 21.90 hours she is claiming fees in the amount of $22,204.93, which average $1,013.92 per hour. He therefore requests a hearing on Attorney Diaz's *Application for Compensation* under Section 330(a)(1) of the Bankruptcy Code.

The next day, on April 25, 2012, Attorney Diaz filed the *Motion to Strike* (Docket No. 239) arguing that Attorney De Jesus is not a creditor in this case or an "aggrieved party" and thus has no standing to oppose her *Application for Compensation*. On May 2, 2012, Attorney De Jesus filed an *Opposition to Motion to Strike* (Docket No. 238) disputing the applicability of the case law cited by Attorney Diaz and arguing that irrespective of the issue of standing, a special counsel's fee application must be independently addressed by the court. He therefore reiterates a hearing to that effect under Section 330(a)(1).

<u>Applicable Law & Analysis</u>

*(A)     Attorney De Jesus's Lack of Standing to Oppose Attorney Diaz's Application for
        Compensation*

"Standing requires a case or controversy in which the litigant asserts [his/her/its] own rights

3

and interests, not those of some third party." Woods v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 91878 at *6, 2012 WL 2577580 *2, --- F.Supp.2d --- (D.Mass. 2012) (citing Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 104 (1st Cir. 1995)). Also see In re Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011). To have standing, a movant must establish: "(1) [he/she/it] has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the [opposing party]; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167, 180-181 (2000) (citations omitted). Also see Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) (standing requires "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends").

Standing "cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record. And it is the burden of the party who seeks the exercise of jurisdiction in his favor, clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 230 (1990) (citations omitted). Also see Sullivan v. City of Augusta, 511 F.3d 16, 29 (1st Cir. 2007), cert. denied 129 S. Ct. 112, 172 L. Ed. 2d 35 (2008).

In the instant case, Attorney De Jesus, as a special counsel for the bankruptcy estate, has not met his burden to demonstrate how or in what way he has standing to dispute Attorney Diaz's compensation or how or why, if at all, he is affected by Attorney Diaz's *Application for Compensation*. Hence, the court finds he has no standing to oppose it.

Notwithstanding, in all circumstances involving fee applications, the bankruptcy court has an independent judicial responsibility to review the fees of professionals, even in the absence of objections. See In re Claudio, 459 B.R. 500, 512 (Bankr. D. Mass. 2011), citing In re First Software Corp., 79 B.R. 108, 111 (Bankr. D. Mass. 1987); In re LaFrance, 311 B.R. 1, 20-21 (Bankr. D.Ma. 2004) ("The Court has an independent judicial responsibility to review the fees of professionals, even in the absence of an objection by a party in interest.") Accordingly, this court will review Attorney Diaz's *Application for Compensation* (Docket No. 232) under its independent judicial responsibility.

4

*(B)*     *Contingency fees for legal services under the scope of Sections 327, 328 & 330 of the Bankruptcy Code*

Fees for legal services may be either "certain" or "contingent" or some hybrid of the two. "A fee is certain if it is payable without regard to the outcome of the suit; it is contingent if the obligation to pay depends on a particular result's being obtained. Under the most common contingent-fee contract for litigation, the attorney receives no payment for his services if his client loses. Under this arrangement, the attorney bears a contingent risk of nonpayment that is the inverse of the case's prospects of success: if his client has an 80% chance of winning, the attorney's contingent risk is 20%." City of Burlington v. Dague, 505 U.S. 557, 560-561 (1992). The contingency fee is awarded to a professional upon the successful outcome of a sated objective and is generally based upon a percentage of a recovery. See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 328.02[8] (16th ed. 2012).

Section 327(a) of the Bankruptcy Code authorizes bankruptcy trustees to "employ [with court approval] one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ... to represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327(a). Sections 328 and 330 in turn establish a two-tiered system for judicial review and approval of the terms of the professional's retention. Section 330 authorizes the bankruptcy court to award the retained professional "reasonable compensation" based on an after-the-fact consideration of "the nature, the extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a). Section 328(a), on the other hand, permits a bankruptcy court to forgo a full *post-hoc* reasonableness inquiry if it pre-approves the "employment of a professional person under Section 327 ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). "Where the court pre-approves the terms and conditions of the retention under Section 328(a), its power to amend those terms is severely constrained." Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC), 552 F.3d 228, 232 (2nd Cir. 2009). In such cases, the bankruptcy court may only "allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and

conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). "These two inquiries are mutually exclusive, as 'there is no question that a bankruptcy court may not conduct a Section 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328.'" In re Smart World Techs., LLC, 552 F.3d at 233, quoting In re B.U.M. Int'l, Inc., 229 F.3d 824, 829 (9th Cir. 2000). The standard to determine if a court has pre-approved a professional's fee under Section 328 of the Bankruptcy Code is the "totality of the circumstances" test taking into account, *inter alia*, the application and the bankruptcy court's order" and "whether the ... motion for appointment specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee and whether either the order or the motion expressly invoked Section 328". Nischwitz v. Miskovic (In re Airspect Air, Inc.), 385 F.3d 915, 922 (6th Cir. 2004). This is important because "[a] court may conditionally approve an application while reserving judgment upon the reasonableness of certain proposed terms and conditions until later in the case or may modify terms of compensation originally approved at commencement or during pendency of the case." See Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 328.02 (16th ed. 2012).

In the case at bar, the Chapter 7 Trustee's *Motion for Leave to Employ [Attorney Diaz as] Special Counsel* only expresses that the "terms of the representation are 33% of all moneys and properties recovered, plus costs and expenses incurred" (Docket No. 135, p.1, ¶ 2). It did not, however, seek pre-approval of the contingency fee nor invoke Section 328 of the Bankruptcy Code. Therefore, this court's *Order* authorizing Attorney Diaz's employment as special counsel did not pre-approve the contingency fee, but rather ruled that her compensation would be paid "in such amounts as may be allowed by the Court upon proper application or applications thereof" (Docket No. 141). As a result, the court will entertain her *Application for Compensation* under Section 330 of the Bankruptcy Code.

*(C)      Section 330 of the Bankruptcy Code and the loadstar method*

Section 330 of the Bankruptcy Code governs the allowance of compensation to all professionals for the services they render the bankruptcy estate. Generally, the court may award

6

professionals reasonable compensation for actual and necessary services and reimbursement for actual and necessary expenses.  11 U.S.C. §§ 330(a)(1)(A) & (B).  Moreover, 11 U.S.C. § 330 further provides that:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

These "Section 330 factors mirror those encapsulated in the traditional lodestar approach to calculating attorneys' fees."  Berliner v. Pappalardo (In re Sullivan), 674 F.3d 65, 69 (1st Cir. 2012), citing In re Spillane, 884 F.2d 642, 647 (1st Cir. 1989).  The lodestar method is designed to "provide[] a 'flexible paradigm' not meant to bind the *nisi prius* court to any single way of calculating the number of hours reasonably expended."  Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 526-527 (1st Cir. 1991), quoting United States v. Metro. Dist. Comm'n, 847 F.2d 12, 16 (1st Cir. 1988).  The Court of Appeals for the First Circuit (the "First Circuit") has adopted the lodestar approach as an appropriate measuring device for attorneys' fees in bankruptcy cases.  In re Sullivan, 674 F.3d at 69.  Also see Torres-Lopez v. Consejo de Titulares (In re Torres-Lopez), 405 B.R. 24, 30-31 (B.A.P. 1st Cir. 2009).  Pursuant to the lodestar method, the court must first determine the fee award by "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure."  In re Sullivan, 674 F.3d at 69, citing Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008).  Also see In re Spillane, 884 F.2d at 647; Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).  When computing the number of hours productively spent, the court should take the party's submitted time and then subtract from that figure all hours which are duplicative,

unproductive, excessive, unnecessary or spent on overworked tasks. In re Sullivan, 674 F.3d at 69, citing Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295-296 (1st Cir. 2001); Lipsett v. Blanco, 975 F.2d at 937. Also see 11 U.S.C. § 330(a)(4)(A). The court then applies hourly rates to each billed task "taking into account the prevailing rates in the community for comparably qualified attorneys" (Lipsett, 975 F.2d at 937, quoting Metro. Dist. Comm'n, 847 F.2d at 190), although it is not bound by it (Gay Officers Action League, 247 F.3d at 296, citing Brewster v. Dukakis, 3 F.3d 488, 492-493 (1st Cir. 1993)). The bankruptcy court need not march mechanically through a checklist of the Section 330 factors when fashioning a fee award. Metro. Dist. Comm'n, 847 F.2d at 15. Also see In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 308 (1st Cir. 1995) (the lodestar method should not "be applied in a formulaic or mechanical fashion"). Rather, "it suffices if the court makes a fee calculation that takes the Section 330 factors fairly into account." In re Sullivan, 674 F.3d at 69. Once calculated, the lodestar fee is "adjusted upward or downward to reflect the contingent nature of any fee, if such is not reflected in the hourly rate, delay in payment, quality of representation, exceptional results obtained", and any other relevant circumstance. Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980).

Attorney De Jesus brings to the attention of the court the case of In re Humbert, 21 B.R. 489 (Bankr. N.D.Oh. 1982) aff'd 39 B.R. 643 (N.D.Oh. 1984), where the trustee's attorney had agreed on a contingent fee to recover $111,905.00 to the bankruptcy estate. Although the Humbert court used the twelve-factor test established in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), which is inapplicable in the First Circuit pursuant to Furtado v. Bishop, 635 F.2d at 920, its ultimate result is comparable to the instant case. In Humbert, the bankruptcy court determined that a one-third contingent fee on $111,905.00 for 36 hours of work was unreasonable under Section 330 and reduced the compensation to "a premium over and above a $100.00 hourly rate" for a total of $7,500. 21 B.R. at 495.

In Hernandez v. Morales, 810 F. Supp. 25, 28 (D.P.R. 1992), the court applied the lodestar method and proceeded to divide the tasks performed by the applicant attorney into three categories and depending on which category the task fell, the applicant would be awarded a fraction or full hourly rate. The three categories are:

(a)    **Low**: includes notifications, visits and interviews; conferences with co-counsel and adversaries; drafting of letters; drafting and reading of intra-counsel memoranda; proofreading and copyreading; notification and preparation for depositions; review of documents; telephone conversations; and travel time.  Hours falling under this category shall be compensated at 60 percent of the attorney's rate.

(b)    **Medium**: includes general research; taking and attendance to depositions; preparations for court hearings or conferences; preparation of subpoenas, class notices, interrogatories and answers to them, questionnaires and affidavits; preparation of fee applications; and preparation of informative motions.  Hours falling under this category shall be compensated at 80 percent of the attorney's rate.

(c)    **High**: includes court appearances, in-chambers conferences, and the preparation and drafting/dictation of motions and briefs.  Hours falling under this category shall be compensated at 100 percent of the attorney's rate.

(D)    *Burden of Proof*

The burden of proof as to the entitlement of a fee, as well as the reasonableness of the amount sought, is upon the applicant.  In re Claudio, 459 B.R. at 512, citing In re Narragansett Clothing Co., 210 B.R. 493, 498 (B.A.P. 1st Cir. 1997); In re Navis Realty, Inc., 126 B.R. 137, 145 (Bankr. E.D.N.Y. 1991).  It is the applicant's burden to establish the value of his/her services.  In re U.S. Golf Corp., 639 F.2d 1197, 1207 (5th Cir. 1981).  In order to enable the court properly to evaluate the "cost of comparable services", the applicant must provide the court with sufficient information for it to make an informed, well-reasoned determination.  In re Navis Realty, Inc., 126 B.R. at 145.  In this case, the burden of proof as to the reasonableness of her fees relies on Attorney Diaz.

(E)    *Factors to Consider*

Based on the foregoing, a hearing is scheduled for Attorney Diaz to establish to the satisfaction of the court the following factors in light of the parameters previously discussed:

(a)    the reasonableness of her fees in light of the lodestar method, especially in light of the fact that out of the 69 entries included in her *Application for Compensation* (Docket No. 232-2, Exhibit B, pp. 1-7), 53 were just devoted to reviewing documents from the

9

docket, and that $22,204.93 (the total amount requested for her attorney fee compensation[1]) divided by the 21.90 of worked hours she reports equals $1,013.92 per hour;

(b) reasonableness of the claimed expense of $90.75 in photocopy charges (Docket No. 232-2, Exhibit B, p. 7); and

(c) why $200.00 an hour would not be an appropriate lodestar hourly rate for her fees.

<u>Conclusion</u>

For the reasons stated herein, Attorney Diaz's *Motion to Strike* is partially granted to declare that Attorney De Jesus has no standing to object her *Application for Compensation*. Notwithstanding, the court schedules a hearing for October 16, 2012 at 2:00 p.m. to consider the merits of the *Application for Compensation* in light of the parameters established herein.

In San Juan, Puerto Rico, this 9th day of August, 2012.

SO ORDERED.

Enrique S. Lamoutte
United States Bankruptcy Judge

[1] This amount was calculated by subtracting the amount of $123.34 that Attorney Diaz claims as expenses (Docket No. 232-2, Exhibit B, p. 7) from the total amount she requests of $22,328.27 (Docket No. 232, p. 4).